**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2319
_____

CRAWL SPACE DOOR SYSTEM, INC.,
d/b/a Crawl Space Door Systems, Inc.

v.

WHITE AND WILLIAMS, LLP

CRAWL SPACE DOOR SYSTEM, INC.,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-04698)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 26, 2024
_____

Before: RESTREPO, MATEY, and McKEE, *Circuit Judges*.

(Filed: April 10, 2024)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Crawl Space Door System, Inc. ("Crawl Space") filed a malpractice claim against White & Williams LLP. But the claim should have been brought in a prior action between the parties. As a result, we will affirm the District Court's decision dismissing the case.

**I.**

White & Williams defended Crawl Space in a case filed by Smart Vent Products, Inc. in the District of New Jersey. Through separate counsel, Crawl Space then brought antitrust claims against Smart Vent Products in the Eastern District of Virginia.

Crawl Space prevailed in the New Jersey action, winning a verdict in its favor and $300,000 on its counterclaims. But it failed to pay $670,077.93 in legal fees to White & Williams. Philadelphia Professional Collections LLC—White & Williams's collection arm—then sued Crawl Space in the Philadelphia Court of Common Pleas—later removed to the Eastern District of Pennsylvania—for the unpaid fees.[1] In response, Crawl Space asserted that White & Williams did not "perform[] all services to which it was required and/or requested by [Crawl Space] to perform in connection with counterclaims that [Crawl Space] had and were or should have been asserted in the [l]itigation," but asserted no malpractice counterclaim. App. 442. While the collection action was pending, Crawl Space filed this case in the Eastern District of Virginia for legal malpractice based on White & Williams's work in the New Jersey action.

---

[1] The collection action is *Philadelphia Professional Collections LLC v. Crawl Space Door System, Inc.*, No. 2:21-cv-05476 (E.D. Pa.).

Crawl Space then sought to transfer the collection action to the Eastern District of Virginia for consolidation with the malpractice matter. The Eastern District of Pennsylvania rejected the request, granted summary judgment for Philadelphia Professional Collections in the collection action, and awarded it $670,077.93 plus prejudgment interest of $127,535.52. Meanwhile, in the malpractice action, the Eastern District of Virginia held that it lacked personal jurisdiction over White & Williams and transferred the case to the Eastern District of Pennsylvania under 28 U.S.C. § 1631.

Finally, the Eastern District of Pennsylvania held that Crawl Space's malpractice claim was intertwined with its defense in the collection action, meaning the malpractice claim was a compulsory counterclaim. Because it had not raised that claim, Crawl Space was barred from pursuing malpractice in a separate action. Crawl Space now appeals.[2]

## II.

Federal Rule of Civil Procedure 13(a)(1) explains:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1). Meaning "[a] compulsory counterclaim not raised in the first action is barred in subsequent litigation." *Bristol Farmers Mkt. & Auction Co. v. Arlen*

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We review de novo "the District Court's determination that [Crawl Space]'s [malpractice action] should have been pursued as a compulsory counterclaim in the [collection] action." *Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002).

*Realty & Dev. Corp.*, 589 F.2d 1214, 1220 (3d Cir. 1978). "For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.'" *Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002) (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)). This Court has explained that "a logical relationship between claims exists where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'" *Id.* at 389–90 (quoting *Xerox Corp.*, 576 F.2d at 1059). Such a duplication occurs "when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." *Id.* at 390. Because "the objective of Rule 13(a) is to promote judicial economy," "the term 'transaction or occurrence' is construed generously to further this purpose." *Id.*

Duplication is present in the breach of contract claim for legal fees in the collection action and in the malpractice claim in the malpractice action. Philadelphia Professional Collections alleged that White & Williams defended Crawl Space in the New Jersey action, but Crawl Space did not pay the promised legal fees. Crawl Space now alleges that White & Williams botched the New Jersey case by raising facts and theories that would preclude Crawl Space's antitrust action against Smart Vent Products. That is an "offshoot[] of the same basic controversy": whether White & Williams

4

performed properly in the New Jersey action. *Transamerica Occidental Life Ins. Co.*, 292

F.3d at 389–90.[3]

That is not to say all the facts are the same. It is enough that the alleged

deficiencies in White & Williams's services in the New Jersey action "bear[] a logical

relationship" to the collection claim for legal fees from the same action. *Id.* at 389

(quoting *Xerox Corp.*, 576 F.2d at 1059). Because Crawl Space did not raise its

malpractice claim as a compulsory counterclaim in the collection action, it is barred from

doing so now. *See Bristol Farmers Mkt. & Auction Co.*, 589 F.2d at 1220.

\* \* \*

For these reasons, we will affirm the District Court's decision.

---

[3] Moreover, Crawl Space admitted in the collection action that "the facts necessary to resolve the [collection action] are a small subset of the facts that will be litigated in the [m]alpractice [action], and the claim for unpaid fees by White & Williams will be resolved in the [m]alpractice [action]." E.D. Pa. No. 2:21-cv-05476, ECF No. 13, at 6. At a minimum, this admission acknowledges that, even if the malpractice action would require resolution of additional facts and issues, the facts and issues relevant to the two claims overlap, and litigating the claims separately "would 'involve a substantial duplication of effort and time by the parties and the courts.'" *Transamerica Occidental Life Ins. Co.*, 292 F.3d at 389–90 (quoting *Xerox Corp.*, 576 F.2d at 1059).